[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Founders Bank, ("bank") seeks to foreclose the interest of defendants Peter Saldamarco and Nicholas Nesi, trustee, in property known as 129 Whalley Avenue in New Haven. CT Page 4880
The note, which is secured by a mortgage as to 129 Whalley Avenue, is dated January 31, 1992. It was entered into only by defendant Peter Saldamarco in connection with his purchase of a commercial property owned by the bank. Saldamarco testified that although he had approached the bank about buying this property, he sought to have title conveyed to Nicholas Nesi as trustee for an entity known as 129 Whalley Associates. Nicholas Nesi Trustee signed a mortgage deed securing the note, which memorializes a loan in the amount of $202,500.00. The terms of the note are that payment in full was due within thirty days of demand by the bank. Additionally, the note provides for payment in full upon default, and paragraph 7b of the note provides that the borrower is in default "if b) you break any promise in this note or any other note or Agreement you have with us."
At the time he signed the note described above, Saldamarco was also indebted to the bank on a note in the amount of $150,000. Though Saldamarco has made all payments due pursuant to the January 31, 1992 note, as of August 1993 he was in default on the $150,000 note, which is dated April 11, 1991 and which was a refinancing of a prior note. By a letter dated April 11, 1991, the bank, through senior vice president Richard J. DeMayo, agreed that the note and agreement that Saldamarco had signed on that date would be in effect for a period of "at least one year after which time a review of Mr. Saldamarco's circumstances will be forthcoming and appropriate action take at that time." Though it does not expressly so state, this letter can be read as an agreement not to declare a default or pursue remedies as to the April 11, 1991 loan before April 11, 1992. The defendants have proven no written agreement to forebear from enforcement of the January 31, 1992 note.
The bank has shown itself to be entitled pursuant to the terms of the January 31, 1992 mortgage, which incorporates the terms of the note with regard to events of default, to foreclose the mortgage.
The defendants have raised several special defenses to the effect that the bank, through Mr. DeMayo, made oral assurances that induced the defendants to buy 129 Whalley Avenue and spend money on improvements. The defendants claim that the bank is estopped from foreclosing the mortgage and that it has breached a covenant of good faith and fair dealing and violated the Connecticut Unfair Trade Practices Act by so demanding payment. Defendant Saldamarco seeks relief in counterclaims on the same CT Page 4881 theories.
The court finds that other than the apparent promise not to pursue remedies on the $150,000 note until April 1992, the bank did not make any representation or give any assurance upon which the defendant could have reasonably relied. Defendant Saldamarco admitted that he had sought through counsel to have paragraph 7b removed from the January 31, 1992 note and that the bank had refused to do so before the note was signed.
The court does not find credible the testimony that any assurances at variance with the written terms of the mortgage were given by the bank, rather, it appears that the mortgagors hoped for, but were unable to obtain agreement that a default on the earlier note would not trigger foreclosure of the mortgage and chose to take their chances on the success of the business that Mr. Saldamarco intended to open at 129 Whalley Avenue.
The court finds that the defendants have failed to prove the factual claims upon which their special defenses and counterclaims rest.
The court further finds that the value of 129 Whalley Avenue as of this date is $200,000. and that the debt owed as to the principal on the January 31, 1992 note is $197,570.75. The court finds that the interest due as of April 27, 1995 is $1,270.00 and that the per diem rate of interest is $38.42. Late charges due are in the amount of $69.23. By the terms of the transaction, the bank is entitled to recover its attorney's fees for enforcement. The court awards counsel fees in the amount of $4,920.00, based on an affidavit to which no objection was made.
Because the value of the property is less than the debt and cost as set forth above, the court hereby enters a judgment of strict foreclosure. Law days shall commence on May 30, 1995.
Judgment shall enter in favor of the bank as to the counterclaims.
The bank shall recover its court costs, including the fee of the appraiser for an appraisal, an update, and time spent testifying in the total amount of $1,550.00.
Beverly J. Hodgson Judge of the Superior Court CT Page 4882